FOURNET, Justice
 

 (dissenting).
 

 I cannot subscribe to the conclusions reached by the majority opinion in so far as Bill of Exceptions No. 4 is concerned.
 

 This bill was reserved to the ruling of the trial judge overruling the defendant’s objection to the following question propounded to the witness O. C. McCrory by the district attorney: “Did you see him [the defendant] with any liquor on that occasion [when the accident occurred] ?” (Brackets mine.) Defendant objected to this question on the ground that the information under which he was being tried did not charge that the accident grew out of his use or possession of any liquor. The trial judge in his per curiam states that he overruled this objection for the same reason given in his per curiam to Bill of Exceptions No. 2, being that “The evidence [that the car was being operated with only one headlight] was admissible and was part of the evidence establishing the gross carelessness and recklessness of the defendant.” (Brackets mine.) The majority opinion follows this same reasoning.
 

 I cannot see in what manner the mere possession of liquor could have caused the accident or have contributed to the same. Nor am I able to conceive of any circumstances under which the mere possession of liquor would warrant the conclusion that the defendant was grossly careless and reckless in the operation of his vehicle. The evidence in this case does not even suggest that the defendant drank any of the liquor, much less that he was under the influence of liquor at the time of the occurrence of the accident. It is my opin
 
 *322
 
 ion, therefore, that the testimony was improperly admitted and could have had no other effect than to prejudice or confuse the jury.
 

 I therefore respectfully dissent from the majority opinion denying the defendant a new trial.